IN THE UNITED STATE DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ALEXANDER CHAIKIN,  )  <br>    Plaintiff,  )  <br>  )  <br>    v.  )  <br>  )  <br> THE METHODIST MEDICAL  )  <br> CENTER OF ILLINOIS,  )  <br>    Defendant.  )  | 18 cv 1208 |

## AMENDED COMPLAINT

Plaintiff, Alexander Chaikin (hereinafter "Plaintiff"), by and through his attorneys Langone, Batson & Lavery LLC, files his Complaint against Defendant, The Methodist Medical Center of Illinois, (hereinafter "Methodist" or "Defendant"). Plaintiff seeks damages from Defendant and states as follows:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages or equitable relief, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. (hereinafter "Title VII"); Title I of and the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et seq. (hereinafter the "ADA"); and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq. ("ADEA").

2. This action is to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination and retaliation against Plaintiff because of his national origin, age and disability leading to his unlawful termination.

## **JURISDICTION AND VENUE**

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding Plaintiff's civil rights under Title VII and the ADA and ADEA.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## **THE PARTIES**

5. Plaintiff, Alexander Chaikin, is a citizen of the United States and was at all times material, a resident of the State of Illinois.

6. Defendant, The Methodist Medical Center of Illinois, is an Illinois corporation and is an employer as defined by all laws under which this action is brought and employs over 500 employees.

## **PROCEDURAL REQUIREMENTS**

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On March 21, 2018, Plaintiff dual-filed a claim with the Illinois Department of Human Rights Commission (hereinafter the "IDHR") and the Equal Employment Opportunity Commission (hereinafter the "EEOC") against Defendant satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on age, national origin, disability and retaliation.

9. Plaintiff's EEOC charge against Defendant was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

10. On or about March 22, 2018, the EEOC issued to Plaintiff a Notice of Right to Sue.

11. This complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC's Right to Sue letter.

## FACTS

12. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-11, above.

13. Defendant employed Plaintiff as an anesthesiologist.

14. On August 4, 2017, Plaintiff met with Dr. Keith Knepp, the President of The Methodist Medical Center to ask for a reasonable accommodation for his mental health disability.

15. On August 7, 2017, Dr. Keith Knepp terminated Plaintiff's employment.

16. On August 7, 2017, Dr. Keith Knepp also reported Plaintiff to the Illinois Physician Disciplinary Board with inaccurate statements in the letter.

17. While employed at Mehtodist, Plaintiff was exposed to national origin discrimination. For example, he was referred to as a "Crazy Russian" by a fellow employee. A medical director repeatedly called him Vitali.

18. Plaintiff was also aware that the hospital was seeking younger employee doctors to replace older doctors.

## COUNT I: Retaliation in Violation of the ADA

19. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-18, above.

20. At all material times, Defendants employed more than 500 employees and both Defendant qualifies as an employer within the meaning of the ADA.

21. Plaintiff has an actual disability, has a record of being disabled, and/or was perceived as being disabled by Defendant.

22. On August 4, 2017, Plaintiff requested a reasonable accommodation and an interactive process with respect to his disability.

23. Defendants retaliated against him for protected activity by terminating his employment and reporting him to the Illinois Physician Disciplinary Board based upon false and fabricated charges.

24. As a direct and proximate result of Defendant's retaliation in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits and mental anguish.

25. Defendants' unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### **COUNT II: Disability Discrimination in Violation of the ADAAA**
### **(Plead in the Alternative)** [1]

26. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-25, above.

27. At all material times, Defendants employed more than 500 employees and both Defendant qualifies as an employer within the meaning of the ADA.

28. At all material times, Plaintiff was a qualified employee with a disability with reasonable accommodation under the ADA.

---

[1] As noted in the original complaint, plaintiff brings this claim to preserve his rights to bring a claim for long-term leave as a reasonable accommodation and seeks a good-faith modification of the law in this Circuit. See *Severson v. Heartland Woodcraft, Inc.*, 872 F.3d 476 (7th Cir. 2017) but see *García-Ayala v. Lederle Parenterals, Inc.*, 212 F.3d 638 (1st Cir. 2000); *Cehrs v. Ne. Ohio Alzheimer's Research Ctr.*, 155 F.3d 775 (6th Cir. 1998), *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243 (9th Cir. 1999); *Rascon v. U.S. West Comm'cns, Inc.*, 143 F.3d 1324, 1333 (10th Cir. 1998), overruled on other grounds by *New Hampshire v. Maine*, 532 U.S. 742 (2001). Defendant has moved for its dismissal, and Plaintiff agrees this Court is bound by the governing Seventh Circuit case on this issue to dismiss Count II. Plaintiff adds it to this Amended Complaint solely to preserve the issue for appeal, if any.

29. Plaintiff has an actual disability, has a record of being disabled, and/or was perceived as being disabled by Defendant.

30. Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

31. Plaintiff requested a reasonable accommodation of long-term leave and Defendant refused to provide it rather Defendant discharged Plaintiff in response.

32. Defendants intentionally discriminated against Plaintiff on the basis of his disability and retaliated against him for protected activity.

33. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as mental anguish and emotional distress for which Plaintiff is entitled to an award of monetary damages and other relief.

### COUNT III – Title VII Discrimination
### (National Origin)[2]

34. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33, above.

35. Defendant discriminated against Plaintiff based upon his national origin, Russian.

36. Defendant treated Plaintiff differently because he was perceived with the common "crazy Russian" stereotype. *See, e.g.*, https://www.bustle.com/articles/50571-16-russian-stereotypes-that-need-to-stop-because-theyre-at-least-mostly-untrue ("Everyone thinks Russians are crazy…")

---

[2] Defendant moved to dismiss Count III, or in the alternative to confine it to national origin discrimination – by this Amended Complaint, Plaintiff has mooted this aspect of the motion to dismiss.

5

37. Defendant took adverse action against Plaintiff based upon his national origin.

## COUNT IV – Age Discrimination

38. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-37, above.

39. Plaintiff is over 40 and Defendant tool adverse action against Plaintiff based on his age.

40. Plaintiff was treated differently than similarly-situated younger employees.

41. Defendant would have engaged in the interactive process with younger employees facing similar circumstances as Plaintiff, and attempted to preserve their career

42. Defendant's conduct violated the Age Discrimination in Employment Act, Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq. ("ADEA")

## COUNT V – Intersectional Discrimination

43. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-42, above.

44. Defendant engaged in intersectional discrimination, if Plaintiff was not Russian then his disability and age would have been overlooked. There is no "Crazy young white guy" stereotype, etc.

45. Defendant took adverse action against Plaintiff based upon his national origin, in concert with his age and disability; his age in concert with his national origin and disability; and his disability in concert with his age and national origin. The whole is greater than the sum of the parts in this regard. The three protected aspects mutually reinforce each other in connection with perpetrating a particularly invidious stereo type.

46. In sum, Plaintiff was treated differently because he was older *and* because he was Russian *and* because he suffered mental illness, and therefore he was perceived as an older crazy Russian that Defendant sought to terminate wrongfully.

47. Plaintiff alleges these factors mutually influenced and reinforced each other for instance, in relation to disability refusal to engage in good faith in the interactive process that was based in part on the fact that he was older and Russian.

48. This conduct violates Title VII, 42 U.S.C. 2000e et seq., the ADA, 42 U.S.C. § 12101 et seq., and the ADEA, 29 U.S.C. §§ 621, et seq., independently and in combination.

40. Plaintiff has suffered and continues to suffer, lost wages, lost benefits and mental anguish and emotional distress as a result of Defendant's conduct.

WHEREFORE, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay or reinstatement, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees; and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

    RESPECTFULLY SUBMITTED,
    Plaintiff Alexander Chaikin

    \_\_/s/\_Mark T. Lavery
    By His Attorney

Mark T. Lavery
Langone, Batson & Lavery LLC
17 N. Wabash, Suite 500
Chicago, IL 60602
312-344-1945