UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ALEXANDER CHAIKIN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-cv-1208 |
| THE METHODIST MEDICAL CENTER OF ILLINOIS, | ) Honorable Joe B. McDade |
| Defendant. | ) |

## O R D E R & O P I N I O N

This matter is before the Court on the "Motion To Dismiss Counts II and V" (Doc. 13) of the Amended Complaint. Despite Defendant's failure to identify the authority upon which it moves for such dismissal, the Court discerns from the nature of the arguments presented that dismissal is sought under Federal Rule of Civil Procedure 12(b)(6) for failure to state claims upon which relief can be granted. For the reasons stated below, the motion to dismiss shall be GRANTED.

**LEGAL STANDARDS**

In ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009). The pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the challenged pleading must contain sufficient detail to give notice of the claim, and the allegations must "plausibly suggest that the

1

[non-movant] has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard requires enough facts "to present a story that holds together," but does not require a determination of probability. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Though detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545. Conclusory statements and labels are insufficient; enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted).

**BACKGROUND**

The following relevant facts are taken from the Amended Complaint and are deemed true. Plaintiff worked for Defendant as an anesthesiologist. Plaintiff is of Russian descent, is over the age of forty, and was suffering from a mental disability at the times relevant to this lawsuit. He asked his employer for an accommodation for his mental health disability and was terminated three days later. A co-worker occasionally referred to him as a "crazy Russian" during his employment with Defendant.

The Amended Complaint alleges five Counts. Count I alleges retaliation in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et. seq.* (the "ADA"). Count II alleges discrimination in violation of the ADA Amendments Act Of 2008, also found at 42 U.S.C. § 12101 *et. seq.* (the "ADAAA"). Count III

alleges discrimination on the basis of national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* Count IV alleges discrimination on the basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.* (the "ADEA"). Finally, Count V alleges intersectional discrimination on the basis of mental disability, age, and national origin in violation Title VII, the ADA, and the ADEA, both independently and in combination, because he was regarded by his employer as a "crazy, old Russian."

## DISCUSSION

Defendant moves to dismiss Counts II and V only. The Court will grant Defendant's motion because there is no legal basis for the Plaintiff's claims found in Counts II and V.

**I.   Count II**

Plaintiff alleges in Count II of the Amended Complaint that the Defendant violated the ADAAA by not allowing him a reasonable accommodation of long-term leave. (Doc. 11 at 4-5). He acknowledges that the law in this Circuit is that "a long-term leave of absence cannot be a reasonable accommodation." *Severson v. Heartland Woodcraft, Inc.*, 872 F.3d 476, 481 (7th Cir. 2017). Nevertheless, he argues that he makes this claim to preserve the issue in a good-faith attempt to challenge the law before the Seventh Circuit. Plaintiff also cited a list of cases pre-dating *Severson*, apparently in an attempt to bolster the notion that his advocating for a change in the law is in good faith. (Doc. 11 at 4, n. 1).

The claim that a request for a long-term leave of absence is a request for a reasonable accommodation is categorically foreclosed by *Severson* as well as the

3

older case, *Byrne v. Avon Prods., Inc.*, 328 F.3d 379, 381 (7th Cir. 2003) (an employee who needs long-term medical leave cannot work even with an accommodation and thus is not a "qualified individual" under the ADA). Obviously, this Court does not have the authority to rule contrary to Seventh Circuit precedent. Therefore, Defendant's motion is granted as to Count II, and the claim is dismissed for failure to state a claim upon which relief can be granted.

## II. Count V

In Count V of the Amended Complaint, the Plaintiff alleges so-called "intersectional" discrimination under Title VII, the ADA, and the ADEA, both independently and in combination because he was regarded by his employer as a "crazy, old Russian."

The Court is loath to recognize new theories of liability when there are already viable theories of liability that apply. Discrimination on the basis of disability, national origin, and age are already covered under separate statutes. Indeed, Plaintiff has already advanced claims of discrimination on the basis of disability, national origin, and age in Counts I, III, and IV of the Amended Complaint, none of which are challenged by Defendant's motion to dismiss. Thus, there is no room for argument that disallowing Count V to proceed would deprive Plaintiff from advancing viable, and accepted, theories of liability.

Moreover, this Court does not create causes of action; it merely adjudicates claims authorized by existing causes of action. While the Court has seen examples of intersectional forms of discrimination under a *single* statute advance before federal courts—for example, race and gender under Title VII, *see, e.g., Kimble v.*

*Wisconsin Dep't of Workforce Dev.*, 690 F. Supp. 2d 765, 768–69 (E.D. Wis. 2010)—there is simply no authority for this so-called "intersectional" discrimination cause of action advanced by Plaintiff that seeks to transmogrify several different statutes into a new superseding legal cause of action. Therefore, Defendant's motion is granted as to Count V, and the claim is dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

"A dismissal for failure to state a claim is a dismissal on the merits, Fed.R.Civ.P. 41(b), unless the dismissal order states otherwise; and a dismissal on the merits is normally with prejudice and thus a bar to relitigation." *Kamelgard v. Macura*, 585 F.3d 334, 339 (7th Cir. 2009). This is not a case where defective pleading is at issue; rather, Plaintiff is trying to 1) pursue a claim that has been foreclosed by precedent and 2) assert a cause of action that does not exist. Repleading cannot cure these defects, so no leave to replead Counts II and V shall be given.

For the reasons stated above, Defendant's "Motion To Dismiss Counts II and V" (Doc. 13) is GRANTED. Counts II and V of the Amended Complaint are hereby dismissed without leave to amend. This matter is referred back to the Magistrate Judge for further pretrial matters.

SO ORDERED.

Entered this <u>27th</u> day of September, 2018.

s/ Joe B. McDade
                              JOE BILLY McDADE
                        United States Senior District Judge