IN THE UNITED STATE DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ALEXANDER CHAIKIN,      ) | |
|     Plaintiff,      ) | |
| )  | 1:18-cv-01208-JBM-JEH |
| v.      ) | |
| ) | |
| THE METHODIST MEDICAL      ) | |
| CENTER OF ILLINOIS,      ) | |
|     Defendant,      ) | |

## MOTION FOR LEAVE TO AMEND THE COMPLAINT

Plaintiff, Alexander Chaikin, seeks leave to amend the Complaint to amend the previously dismissed "failure to accommodate" ADA claim. Plaintiff learned for the first time during the depositions of Kathy Jaegle and Dr. Keith Knepp on December 8, 2020 that Defendant had a duty under the medical bylaws to provide impaired physicians with treatment, rehabilitation and monitoring after any complaint of impairment. Dr. Knepp is the CEO of Defendant who terminated Plaintiff. Ms. Jaegle is an HR executive.

Plaintiff learned at the deposition that a hospital employee named Dr. Costin made a complaint that Dr. Chaikin was impaired. The testimony of Jaegle and Knepp revealed that Dr. Chaikin had rights under the employee manual and medical bylaws to referral to an employee assistance program and referral to a physician assistance committee, respectively. But he was provided neither accommodation. Dr. Knepp revealed for the first time that the physician assistance committee was never contacted about Dr. Chaikin. The President and CEO admitted for the first time that referring physicians to this committee was a reasonable accommodation. It is uncontested that Dr. Knepp never provided the reasonable accommodation of referral to the physician assistance committee to Dr. Chaikin. This evidence was solely known to Dr. Knepp because only he knew what steps he took in his decision to terminate and retaliate against Dr.

Chaikin in violation of the ADA. This evidence establishes that Defendant violated the ADA for failure to provide him that reasonable accommodation and that Defendant breached its agreement with Dr. Chaikin and deprived him of certain economic rights.[1]

Federal Rule of Civil Procedure 15 allows flexible amendment of a complaint. Plaintiff has made this request in a timely manner. Plaintiff has sought this relief immediately after the depositions. Defendant's Counsel already has notice that Plaintiff intends to seek leave to amend the Complaint. Rule 15 allows parties to amend to conform the pleadings to the evidence. Parties may make amendments before or after trial under the plain language of Rule 15(b). "Some courts have applied Rule 15(b) to conform pleadings to the proof offered at summary judgment." *Rockland Exposition, Inc. v. All. of Auto. Serv. Providers of New Jersey*, 894 F.Supp.2d 288, 336 n.44 (S.D.N.Y. 2012) (collecting cases); see also *Clomon v. Jackson*, 988 F.2d 1314, 1323 (2d Cir. 1993) ("[T]he undisputed facts as presented on the summary judgment motion served as a basis to deem the complaint amended to conform with the proof pursuant to Fed.R.Civ.P. 15(b)."). This case is before trial and before any summary judgment has been filed.

Justice requires that this Court grant leave to amend. The amendment states a viable claim. There is evidence to support it. Plaintiff has sought immediately to conform this evidence to the complaint. Plaintiff understands that Local Rule 7.1 requires the inclusion of a memorandum and a proposed amended complaint. But the Rule does not strictly require the documents to be included at the same time. Therefore, Plaintiff would request time to obtain the

---

[1] Shortly after Plaintiff obtained this new evidence from Dr. Knepp proving a failure to accommodate in violation of the ADA, Defendant's Counsel abruptly terminated the deposition when his client was being interrogated about retaliation. Plaintiff tried to have a Rule 37 conference. Defendants have so far refused to attend any conference. A Motion to Compel will be filed if the issue cannot be resolved at the Rule 37 conference that Plaintiffs have proposed to occur at 10 am on 12/9/20.

deposition transcripts, draft a proposed complaint and memorandum in support of this Motion for Leave to Amend the Complaint.

    WHEREFORE, Plaintiff seeks leave to file and include with the Motion to Amend, a Memorandum in Support of his Motion to Amend with (1) a proposed amended complaint and (2) deposition transcripts with exhibits by December 28, 2020.

    Respectfully,

    /s/ Mark T. Lavery

Mark T. Lavery, Esq.
8926 N. Greenwood
Niles, IL 60714
312-796-7550